UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| REP. ANDRE E. CUSHING III, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Docket no. 1:10-cv-330-GZS |
| WALTER F. MCKEE, et al., | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFFS' MOTION TO CONSOLIDATE**

Before the Court is Plaintiffs' Motion to Consolidate (Docket # 5), which seeks to combine a hearing on Plaintiffs' Motion for Preliminary Injunction (Docket # 4) with a trial on the merits.

Pursuant to Federal Rule of Civil Procedure 65(a)(2), the Court has the discretion to "advance the trial on the merits and consolidate it with the hearing" provided that it has given "indisputably clear notice" to both parties that consolidation has been granted.[1] See Francisco Sánchez v. Esso Standard Oil Co., 572 F.3d 1, 15 (1st Cir. 2009) (citation omitted). At this early stage, the Court simply cannot determine that there is no dispute as to the material facts and that the case turns on purely legal questions, as asserted by Plaintiffs but strongly denied by Defendants. Cf. United States *ex rel.* Goldman v. Meredith, 596 F.2d 1353, 1358 (8th Cir. 1979) (finding that *de facto* consolidation was not improper where the only disputed question was one of law and the factual record was largely stipulated). In its Opposition (Docket # 19), Defendants additionally have outlined a need to conduct discovery. In light of the foregoing, the Court presently is not convinced that consolidation is appropriate. The Plaintiffs' Motion to Consolidate (Docket # 5) is hereby DENIED, and the hearing scheduled for Tuesday, October 5, 2010 at 9:30 am will be limited to the Motion for Preliminary Injunction. To the extent that Plaintiffs' Motion to Expedite (Docket # 6) is still pending, this Motion is also hereby DENIED, with the briefing to follow the schedule laid out in the Court's Report of Conference and Order (Docket # 15).

SO ORDERED.

/s/ George Z. Singal
U.S. District Judge

Dated this 27th day of August, 2010.

---

[1] Rule 65(a)(2) also makes clear that "[e]ven when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial."