## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **Rep. Andre E. Cushing III, et al.,** *Plaintiffs,* *v.* **Walter F. McKee, et al.** *Defendants.* | **Civil Action No. 1:10-cv-00330-GZS** |

### MOTION FOR INJUNCTIVE RELIEF PENDING APPEAL

Pursuant to Federal Rule of Appellate Procedure 8(a)(1), Plaintiffs, Rep. Andre E. Cushing, Respect Maine PAC, and Harold A. Clough, hereby respectfully request that this Court enjoin the enforcement of 21-A M.R.S.A. §§ 1015(1) (the "gubernatorial contribution limit"), 1019-B(3) (the "IE reporting requirement"), and 1125(9)(the "rescue funds") pending resolution of Plaintiffs' appeal to the First Circuit. In support of this Motion, Rep. Cushing states as follows:

1.  On August 5, 2010, Plaintiffs filed a Verified Complaint challenging the constitutionality of Maine's matching fund, IE reporting requirement, and gubernatorial contribution limit. Simultaneous with this filing, Plaintiffs filed a Motion for Preliminary Injunction requesting that the challenged provisions be enjoined during the pendency of this action.

2.  On September 17, 2010, this Court entered an order denying Plaintiffs' Motion for Preliminary Injunction. This Order incorporated by reference the reasoning from this Court's order of September 15, 2010, which denied Plaintiffs' Motion for Temporary Restraining Order on the grounds that, under binding First Circuit precedent, Plaintiffs had no chance of success on the merits.

**3.** On September 20, 2010, Plaintiffs filed a Notice of Appeal of the September 17th Order.

**4.** Rule 8(a)(1) of the Federal Rules of Appellate Procedure provides that "a party must ordinarily move first in the district court for . . . (C) an order . . . granting an injunction while an appeal is pending."

**5.** The standard for granting an injunction pending appeal is the same as for granting a preliminary injunction. The moving party must show that: (1) the applicant has made a strong showing that he is likely to succeed on the merits; (2) the applicant will be irreparably injured absent an injunction; (3) the issuance of the injunction will not substantially injure the other parties interested in the proceeding; and (4) an injunction is in the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

**6.** Plaintiffs meet all four of the elements needed for injunctive relief. In *Davis v. FEC,* 128 S. Ct. 2759 (2008), the Supreme Court explicitly approved the Eighth Circuit's decision in *Day v. Holohan*, 34 F.3d 1356 (8th Cir. 1994), which held that matching funds were unconstitutional. Subsequent actions by the Courts of Appeals and Supreme Court have reaffirmed this holding. *See McComish v. Bennett,* No. 10-14165, 2010 WL 2595288 (June 8, 2010)(enjoining Arizona matching fund); *Scott v. Roberts*, 2010 WL 2977614 (11th Cir. July 30, 2010) (enjoining Florida matching funds); *Green Party of Conn. v. Garfield*, __ F.3d __, 2010 WL 2737153 *26 (2d Cir. 2010) (enjoining Connecticut matching fund). The First Circuit's decision in *Daggett v. Commission on Governmental Ethics and Election Practices*, 205 F.3d 445, 464-65 (1st Cir. 2000) thus no longer controls and Plaintiffs are likely to ultimately succeed on the merits of their claims. "The loss of First Amendment freedoms, even for minimal periods of time, constitute[s] irreparable injury . . . ." *Elrod v. Burns*, 427

U.S. 347, 373 (1976). So Plaintiffs will suffer irreparable harm absent an injunction. The harms to First Amendment rights from not granting an injunction outweigh whatever harms may occur if it is granted. And, because the public interest is supported by protecting First Amendment rights, all the elements for injunctive relief are present.

7.      Plaintiffs recognize that, based this Court's rulings on September 15th and 17th, this Court may continue to view itself as bound by *Daggett v. Commission on Governmental Ethics and Election Practices*, 205 F.3d 445, 464-65 (1st Cir. 2000), such that it cannot grant Plaintiffs the requested relief. If so, this Court should promptly dispose of the instant motion, so as to allow Plaintiffs to fully pursue the matter in the Court of Appeals.

**WHEREFORE**, Plaintiffs respectfully moved this Court to grant their Motion for Injunction Pending Appeal.

Dated: September 20, 2010                                          Respectfully submitted,


                                                                  /s/ Josiah Neeley
                                                                  James Bopp Jr., Ind. #2838-84
                                                                  Anita Y. Woudenberg, Ind. #25162-64
David Crocker                                                     Josiah Neeley, Tx. #24046514
Maine Heritage Policy Center                                      Sarah E. Troupis, Wis. #1061515
4 Milk St., Suite 201                                             BOPP, COLESON & BOSTROM
Portland, ME 04101                                                1 South Sixth Street
Ph: 207-321-2550                                                  Terre Haute, IN 47807-3510
Fax: 207-773-4385                                                 Ph: 812/232-2434
*Local Counsel for Plaintiffs*                                    Fax: 812/234-3685
                                                                  *Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September 2010, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel involved in this matter:

Anita Y. Woudenberg: awoudenberg@bopplaw.com

David P. Crocker: dpc@davidcrocker.com

James Bopp , Jr: jboppjr@aol.com

Josiah Neeley:  jneeley@bopplaw.com

Phyllis Gardiner: phyllis.gardiner@maine.gov, amy.oliver@maine.gov

Thomas A. Knowlton: thomas.a.knowlton@maine.gov, kathy.eastman@maine.gov


/s/Josiah Neeley
Josiah Neeley